UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------

                    Plaintiff(s),                  **INITIAL CONFERENCE ORDER**

                                                                   Civ.      (    ) (VMS)

-against-

                    Defendant(s)
---------------------------------------------------------

      An Initial Conference will be held at _____ on _____ before Magistrate Judge Vera M. Scanlon by telephone. Requests for adjournments will not be considered unless made at two business days before the scheduled conference except in the event of an emergency.

      Together, counsel shall complete the attached joint proposed scheduling order and file it on ECF no later than 12/10/2020.

      Attorneys for all parties are directed to participate in the conference. Only counsel with knowledge of the case should attend the conference; per diem counsel should not appear. All individual attorneys who plan to appear at a conference are to file a notice of appearance on the ECF system before the conference. Counsel for Plaintiff(s) is requested to confirm with counsel for Defendant(s) that all necessary participants are aware of this conference.[1]

---

[1] If a party is not represented by counsel, the pro se party must appear.

In the event an answer or other response to the complaint has not yet been filed by the time this Order is received, counsel for Plaintiff(s) is to notify counsel for Defendant(s) or the pro se Defendant(s) of this conference.  Counsel for Plaintiff(s) is to notify the Chambers of Magistrate Judge Scanlon by letter filed on the docket three business days before the scheduled conference if an answer or other response still has not been filed.

Prior to the initial conference, counsel (or if any party is unrepresented, the party) are to comply with Federal Rule of Civil Procedure 26(f).  Counsel shall meet and confer at least seven business days before the initial conference to discuss each matter specified in FRCP 26(f)(2)-(3).  Automatic disclosures are to be exchanged at or before the FRCP 26(f) conference.  Counsel shall also discuss (1) whether any party will rely upon expert testimony, and if so, the proposed schedule for expert discovery; (2) settlement possibilities, including whether a referral to the Court's ADR program is requested; and (3) whether the parties consent to assignment to a Magistrate Judge.  Counsel must be prepared to discuss these issues at the Initial Conference.

After the Initial Conference, a scheduling order will be entered by the Court.  Counsel should expect to adhere to the schedule; extensions will only be granted for good cause shown.

All cases with counsel have been assigned to the Court's Electronic Case Filing (ECF) Program.  Counsel shall file all submissions electronically.  It is the responsibility of counsel to monitor regularly the status of their cases to avoid missing deadlines and court appearances.  Counsel and pro se parties are required to update the Court's records with any change of contact information.

It is the responsibility of the parties to comply with the Individual Rules of the judges assigned to this case. The judges' Individual Rules are available on the Court's website.

**SO ORDERED.**

Dated:       Brooklyn, New York

            _____, 20\_\_\_\_\_

                                                /s/
                                VERA M. SCANLON
                        UNITED STATES MAGISTRATE JUDGE

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------

                                                             **INITIAL SCHEDULING ORDER**

                     Plaintiff(s),

                                                               Civ.       (   ) (VMS)

-against-

                     Defendant(s).
-------------------------------------------------------

It is hereby **ORDERED** as follows:

1)     Defendant(s) shall answer or otherwise move with respect to the complaint by

          _____.

2)     Initial disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure must be completed by_____, if not yet completed.  The disclosures should include as detailed a calculation of damages as possible and authorizations for release of medical and other relevant records.

3)     Initial document requests and interrogatories will be served no later than _____. If the parties intend to issue interrogatories, they will serve no more than _____. interrogatories. The parties are informed that the presumptive cap on the number of interrogatories is 25, including subparts.

4)     Any joinder and/or amendments of the pleadings must be made by _____. By this date, the parties must either stipulate to the joinder and/or amendments of the pleadings or commence motion practice for leave to join and/or amend in accordance with the Individual Rules of the District Judge assigned to this case.

5) If the parties expect to engage in electronic discovery, they will submit a proposed plan to the Court by _____.

6) Fact discovery closes _____.

*Note: Treating physicians who may be called as fact witnesses should generally provide their reports or summaries and be deposed during fact discovery. Non-party fact discovery shall be completed by this date as well.*

7) As to expert disclosures,

   a) The names, qualifications and area(s) of expertise of initial experts shall be served on or before _____.

   b) Initial expert witness reports shall be served on or before _____.

   c) Rebuttal expert witness reports shall be served on or before _____.

8) All discovery, including any depositions of experts, shall be completed on or before _____.

9) On or before _____, the parties must file on ECF a joint letter to the magistrate judge confirming that discovery is concluded.

10) Any dispositive motion practice must be commenced by _____.

*Note: Parties must consult the Individual Rules of the District Judge assigned to this case to determine, inter alia, if a pre-motion conference letter is required before a dispositive motion is filed, whether a Local Rule 56.1 statement must first be submitted with the pre-motion conference letter or motion, and whether such a motion should only be filed when fully briefed.*

11) A proposed joint pre-trial order must be filed by _____.

12) Do the parties consent to trial before a magistrate judge pursuant to 28 U.S.C. § 636(c)?

   a) Yes _____

   b) No _____ (*Do **NOT** indicate which party has decline to consent*)

   *If yes, fill out the AO 85 (Rev. 01/09) Notice, Consent, and Reference of a Civil Action to a Magistrate Judge Form and file it on ECF. See http://www.uscourts.gov/FormsAndFees/Forms/CourtFormsByCategory.aspx*

2

13) A discovery conference is set for _____ at _____ in person / by telephone. (*The Court will schedule this date*).  The conference call will be arranged and initiated by Plaintiff or Defendant (circle one) to Chambers at (718) 613-2300.

14) A joint discovery status letter must be filed on ECF by _____ in preparation for the discovery conference.  (*The Court will schedule this date*).

15) A final pre-trial conference is set for_____. (*The Court will schedule this date*).

16) The parties may wish to engage in settlement discussions. To facilitate this process, Plaintiff(s) agree(s) to make a demand on or before_____, and Defendant(s) agree(s) to respond to the demand on or before_____.

17) Counsel request a referral to the Court's ADR program?  Yes ____   No _____.

18) Any additional matters:

**This scheduling order may be altered or amended only upon a showing of good cause based on circumstances not foreseeable as of the date hereof.**

Dated: Brooklyn, New York

_____, 20_____

_____
VERA M. SCANLON
UNITED STATES MAGISTRATE JUDGE

4